

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DANIEL DAXON OWENS                               PLAINTIFF
d/b/a BLACK DIAMONDS NIGHTCLUB

v.                                    CIVIL ACTION NO. 3:16-cv-835 DPJ-FKB

MARTEZE HARRIS                                 DEFENDANT

## NOTICE OF REMOVAL

**COMES NOW** Marteze Harris (the "Defendant") and files his Notice of Removal of this action to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. §§ 1441, 1446, and 1452, and Federal Rule of Bankruptcy Procedure 9027 ("Rule 9027"), and in support shows as follows:

1. Plaintiff Daniel Daxon "Dax" Owens (the "Plaintiff/Debtor") filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Petition") on or about September 16, 2016, in the United States Bankruptcy Court for the Southern District of Mississippi, Jackson Division (the "Bankruptcy Court"), Case No. 16-03061-ee (the "Bankruptcy Case").

2. The Bankruptcy Case remains open and pending as of the date of filing of this Notice of Removal.

3. On or about October 25, 2016, Plaintiff/Debtor filed a Petition for Emergency Relief (the "Chancery Court Petition") in the Chancery Court of Hinds County, Mississippi, First Judicial District, thereby commencing a new action against Defendant styled *Daniel Daxon Owens d/b/a Black Diamonds Nightclub*, Cause No. G-2016-1591-0/3 (the "Chancery Court Action").

4. No order, leave, or grant of permission of any kind was granted by the Bankruptcy Court to the Plaintiff/Debtor to initiate the Chancery Court Action against Defendant.

5. In his Chancery Court Petition, the Plaintiff/Debtor (i) represents that "[t]he [automatic] stay in bankruptcy remains in effect, as the [B]ankruptcy [C]ase remains open and active," (ii) alleges, *inter alia*, that actions taken by or on behalf of the Defendant are contrary to and in violation of the automatic stay provisions of 11 U.S.C. § 362 of the Bankruptcy Code, and (iii) explicitly requests a determination from the Chancery Court "that the bankruptcy stay remains in effect and that [Defendant] cannot proceed with collection actions against Daniel Daxon Owens, individually or as a 'd/b/a' and to prevent any collection actions against property not owned by Daniel Daxon Owens."

6. Based upon the Bankruptcy Petition and Bankruptcy Case, the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

7. The claims asserted in this action constitute core proceedings under 28 U.S.C. § 157(b)(2), as they include, *inter alia*, matters concerning the administration of the bankruptcy estate, claims by the estate, allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under Chapter 13, motions regarding the applicability and/or to terminate, annul, or modify the automatic stay, orders to turnover property of the estate, determinations of the validity, extent, or priority of liens, and matters affecting the adjustment of the debtor-creditor or equity security holder relationships. The claims asserted in this action are assets of the bankruptcy estate. The claims asserted in this action arise under Title 11 of the United States Code. Alternatively, the claims asserted in this action have arisen in and/or are related to the

Bankruptcy Case, and Defendant consents to the entry of final orders or judgments relating to any non-core claims by the Bankruptcy Court.

8. This Court has supplemental jurisdiction over other claims asserted by Plaintiff/Debtor, if any, in accordance with 28 U.S.C. §§ 1367 and/or 1441.

9. The removal of this matter is timely and proper pursuant to 28 U.S.C. § 1446 and Rule 9027.

10. This action should be referred to the Bankruptcy Court following removal, which Defendant intends to request by appropriate motion and/or filing if and to the extent necessary.

11. Copies of all process, pleadings, and orders served upon Defendant in this action are attached hereto as collective Exhibit "A" and incorporated herein by reference, which includes only the Plaintiff/Debtor's Chancery Court Petition and exhibits.

12. A copy of this Notice of Removal has been sent to Plaintiff/Debtor's counsel of record, and will be filed with the Clerk of the Chancery Court of the First Judicial District of Hinds County, Mississippi.

10. By filing this Notice of Removal, Defendant does not waive his rights to object to service, service of process, the sufficiency of process, jurisdiction over the person, or propriety of venue, and Defendant specifically reserves the right to assert any and all defenses and/or objections to which it may be entitled.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court will assume full jurisdiction over this proceeding as provided for by law. Defendant further prays that this Court refer the matter to the Bankruptcy Court following removal, and that Defendant be permitted time to prepare and file any motion as should be necessary in order to seek or obtain such referral to the Bankruptcy Court. Defendant further prays for general relief.

THIS the 26th day of October, 2016.

Respectfully submitted,

**MARTEZE HARRIS**

By: _____
Benjamin H. Wilson, MSB No. 103586
One of His Attorneys

OF COUNSEL:
BEN WILSON, ESQ. (MSB# 103586)
B.H. WILSON, PLLC
475 E. Capitol Street (39201)
Post Office Box 2887
Jackson, Mississippi 39207 //
455 Pebble Creek Drive
Madison, Mississippi 39110
Telephone: (601) 707-9459
Facsimile: (601) 707-5915
Email: Ben@bhwilson.com

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served, via U.S. Mail, postage prepaid, and Electronic Mail, a true and correct copy of the above and foregoing on:

H. Byron Carter, III
P.O. Box 720636
Byram, MS 39272

THIS the 26th day of October, 2016.

Benjamin H. Wilson
Of Counsel